UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LATIESHA HARRIETT *o/b/o* M.P.,

                Plaintiff,                              **MEMORANDUM AND ORDER**

        v.                                               21-CV-2574 (RPK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff applied for disability benefits from the Social Security Administration ("SSA") on behalf of her minor son in 2019. Compl. 2 (Dkt. #1). After an administrative law judge denied her application, plaintiff appealed, and the SSA Appeals Council denied plaintiff's request for additional review in a letter dated January 25, 2021. *Ibid*. The Appeals Council's letter informed plaintiff that she had 60 days from receipt of the letter to file a lawsuit challenging the disability determination. *Id*. at 5. Plaintiff received the Appeals Council's letter on February 5, 2021, *id*. at 2, but did not file this lawsuit challenging the disability determination until nearly 90 days later, on May 5, 2021, *id*. at 3. The Commissioner has moved to dismiss the complaint as time-barred. *See* Mot. to Dismiss (Dkt. #9).

      I grant the Commissioner's motion and dismiss plaintiff's complaint as untimely. A plaintiff seeking federal district court review of the Commissioner's decision denying benefits must file a civil action within 60 days of receiving notice of the Commissioner's decision. 42 U.S.C. § 405(g). The 60-day requirement is not jurisdictional. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). A motion to dismiss based on Section 405(g) is therefore based on statute-of-limitations grounds. *Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483–84 (W.D.N.Y.

2015) (quoting *Bowen*, 476 U.S. at 478).  This 60-day deadline may be equitably tolled, but only if the plaintiff can show that "[s]he has been pursuing [her] rights diligently and that some extraordinary circumstance stood in [her] way."  *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see, e.g.*, *McCray v. Comm'r of Soc. Sec.*, No. 19-CV-6226 (PKC), 2022 WL 142344, at *2 (E.D.N.Y. Jan. 17, 2022).  A plaintiff bears the burden of demonstrating that equitable tolling is justified.  *Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)).  As defendant observes in its motion to dismiss, a "conclusory and vague" claim that adverse conditions prevented plaintiff from meeting the filing deadline is insufficient to support equitable tolling; instead, a claimant must give "a particularized description of *how* [such] condition adversely affected her capacity to function generally" or "the pursuit of [her] rights."  Def.'s Mem. in Sup. 7 ("Def.'s Mem.") (Dkt. #9-1) (emphasis added) (citing *Kesoglides v. Comm'r of Soc. Sec.*, No. 13-CV-4724 (PKC), 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015) and *Canales v. Sullivan*, 936 F.2d 755, 757 (2d Cir. 1991)).

Plaintiff's lawsuit is time-barred under these principles.  Plaintiff did not file her lawsuit within 60 days of receiving the SSA Appeals Council's letter denying plaintiff's request for additional review on February 5, 2021, Compl. 2–3, nor did she seek an extension of the deadline to do so.  Construed liberally because of plaintiff's *pro se* status, plaintiff's response to defendant's motion to dismiss can be read to argue that equitable tolling is warranted because plaintiff's son has behavioral issues that require a significant amount of her attention and care.  Pl.'s Mem. in Opp'n. 1 ("Pl.'s Mem.") (Dkt. #11).  But without some indication that plaintiff was pursuing her rights diligently despite that obstacle, and some specific account of how that obstacle prevented her from timely filing this action, these facts are insufficient to support equitable tolling.  *See Boos*,

201 F.3d at 185; *see, e.g.*, *Courtney v. Colvin*, No. 13-CV-2884 (AJN), 2014 WL 129051, at *2–3 (S.D.N.Y. Jan. 14, 2014) (equitable tolling not warranted based on plaintiff's allegations that he was ill, his identity was stolen, and he had changed his address); *Kesoglides*, 2015 WL 1439862, at *4–5 (equitable tolling not warranted based on plaintiff's "unspecified illness" and loss of apartment); *Goff v. Apfel*, 99-CV-8062 (NGG), 2004 WL 1243148, at *3–5 (E.D.N.Y. Mar. 30, 2004) (equitable tolling not warranted because plaintiff did not show a "causal connection between any mental impairment and the lateness of [plaintiff's] complaint"). Accordingly, the Commissioner's motion to dismiss is granted.

## CONCLUSION

The Commissioner's motion to dismiss is granted, and plaintiff's complaint is dismissed. The Clerk of Court is respectfully requested to enter judgment for the Commissioner and to close this case.

SO ORDERED.

                                          */s/ Rachel Kovner*
                                          RACHEL P. KOVNER
                                          United States District Judge

Dated: April 24, 2023
        Brooklyn, New York